| **Fill in this information to identify your case:** |
|---|
| United States Bankruptcy Court for the: |
| NORTHERN DISTRICT OF TEXAS |
| Case number *(if known)* _____  Chapter  **11** |

☐ Check if this an amended filing

Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy   4/19

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| 1. | **Debtor's name** | **Furniture Products, LLC** |
|---|---|---|
| 2. | **All other names debtor used in the last 8 years** Include any assumed names, trade names and *doing business as* names | **DBA Curated by Kristin Mullen, LLC** |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **81-0735949** |

| 4. | **Debtor's address** | **Principal place of business** | **Mailing address, if different from principal place of business** |
|---|---|---|---|
| | | **6725 Snider Plaza** **Dallas, TX 75205** Number, Street, City, State & ZIP Code | P.O. Box, Number, Street, City, State & ZIP Code |
| | | **Dallas** County | **Location of principal assets, if different from principal place of business** Number, Street, City, State & ZIP Code |

| 5. | **Debtor's website** (URL) | _____ |
|---|---|---|

| 6. | **Type of debtor** | ■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) |
|---|---|---|
| | | ☐ Partnership (excluding LLP) |
| | | ☐ Other. Specify: _____ |

Debtor  **Furniture Products, LLC**  Case number (*if known*) _____
　　　　Name

**7. Describe debtor's business**

A. *Check one:*
- ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
- ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
- ☐ Railroad (as defined in 11 U.S.C. § 101(44))
- ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
- ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
- ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
- ■ None of the above

B. *Check all that apply*
- ☐ Tax-exempt entity (as described in 26 U.S.C. §501)
- ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)
- ☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.
See http://www.uscourts.gov/four-digit-national-association-naics-codes.
____

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*
- ☐ Chapter 7
- ☐ Chapter 9
- ■ Chapter 11. *Check all that apply*:
  - ■ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625 (amount subject to adjustment on 4/01/22 and every 3 years after that).
  - ■ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
  - ■ A plan is being filed with this petition.
  - ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
  - ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
  - ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.
- ☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

- ■ No.
- ☐ Yes.

If more than 2 cases, attach a separate list.

| District | When | Case number |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

- ■ No
- ☐ Yes.

List all cases. If more than 1, attach a separate list

| Debtor | | Relationship | |
|---|---|---|---|
| _____ | | _____ | |
| District | When | Case number, if known | |
| _____ | _____ | _____ | |

Debtor **Furniture Products, LLC** _____ Case number (*if known*)_____
     Name

**11. Why is the case filed in *this district*?**    *Check all that apply:*

- ■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.
- ☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

■ No
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
    What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
    Number, Street, City, State & ZIP Code

**Is the property insured?**
☐ No
☐ Yes. Insurance agency _____
     Contact name _____
     Phone _____

### Statistical and administrative information

**13. Debtor's estimation of available funds**    *Check one:*

■ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ■ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

**15. Estimated Assets**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ■ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ■ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

Debtor  **Furniture Products, LLC**                                       Case number (*if known*)
Name

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   **August  9, 2019**
MM / DD / YYYY

X **/s/ Kristin Mullen**                                         **Kristin Mullen**
Signature of authorized representative of debtor              Printed name

Title  **Managing Member**

**18. Signature of attorney**

X **/s/ Aaron M. Kaufman**                                     Date **August  9, 2019**
Signature of attorney for debtor                                MM / DD / YYYY

**Aaron M. Kaufman 24060067**
Printed name

**Dykema Gossett PLLC**
Firm name

**Comerica Bank Tower**
**1717 Main Street Suite 4200**
**Dallas, TX 75201**
Number, Street, City, State & ZIP Code

Contact phone  **(214) 462-6400**     Email address  **akaufman@dykema.com**

**24060067 TX**
Bar number and State

# WRITTEN CONSENT WITHOUT A MEETING OF
# THE MEMBERS OF
# FURNITURE PRODUCTS, LLC

## August 9, 2019

The undersigned, being all of the Members of Furniture Products, LLC, a Texas limited liability company (the "**Company**"), do hereby consent to the adoption of the following:

**WHEREAS**, the Members of the Company have determined that it is desirable and in the best interests of the Company and its creditors and other interested parties that a petition be filed by the Company seeking relief under the provisions of Chapter 11 of the Bankruptcy Code.

**NOW, THEREFORE, BE IT RESOLVED**, that the undersigned Members or any other officer of the Company designated such duties (the "**Authorized Person**"), acting on behalf of and in the name of the Members, be, and hereby is, authorized, empowered, and directed, in the name and on behalf of the Company, to execute and verify the petition under Chapter 11 of the Bankruptcy Code and to cause the same to be filed in the United States Bankruptcy Court for the Northern District of Texas (the "**Bankruptcy Court**") at such time as the Authorized Person executing the petition shall determine;

**BE IT FURTHER RESOLVED**, that the law firm of Dykema Gossett PLLC be, and hereby is, employed as bankruptcy counsel for the Company under an agreed-upon retainer in this Chapter 11 case, subject to the approval of the Bankruptcy Court;

**BE IT FURTHER RESOLVED**, that any Authorized Person be, and hereby is, authorized, empowered, and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors and other professionals and to take and perform any and all further acts and deeds that such Authorized Person deems necessary, proper, or desirable in connection with the Company's Chapter 11 case, with a view to the successful prosecution of such case;

**BE IT FURTHER RESOLVED**, that in connection with the commencement of the Chapter 11 case, any Authorized Person be, and hereby is, authorized, empowered, and directed to negotiate the use of cash collateral and to negotiate, execute, and deliver a debtor-in-possession loan facility and exit loan facilities (including, in connection therewith, such notes, security agreements and other agreements or instruments as such Authorized Person considers appropriate) on the terms and conditions such Authorized Person executing the same may consider necessary, proper or desirable, and to take such additional action and to execute and deliver each other agreement, instrument, or document to be executed and delivered by or on behalf of the Company, pursuant thereto or in connection therewith, all with such changes therein and additions thereto as any Authorized Person approves, such approval to be conclusively evidenced by the taking of such action or by the execution and delivery thereof;

**BE IT FURTHER RESOLVED**, that any Authorized Person and such other officers, employees or agents of the Company (including counsel) as the Members shall designate from

1

time to time, be, and each hereby is, authorized, empowered, and directed, in the name and on behalf of the Company to cause the Company to negotiate, enter into, execute, deliver, certify, file, and/or record, and perform such agreements, instruments, assignments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities, certificates, or other documents, and to take such other actions, as in the judgment of any such officer shall be or become necessary, proper, and desirable to effectuate a successful reorganization of the Company's business;

**BE IT FURTHER RESOLVED**, that each Authorized Person, and such other officers, employees or agents of the Company as the Members shall from time to time designate, be, and each hereby is, authorized, empowered and directed, in the name and on behalf of the Company to (and any such actions heretofore taken by any of them are hereby ratified, confirmed and approved in all respects): (i) negotiate, execute, deliver and/or file any and all of the agreements, documents and instruments referenced herein, and such other agreements, documents and instruments and assignments thereof as may be required or as such Authorized Person or such other officer, employee or agent of the Company deems appropriate or advisable, or to cause the negotiation, execution and delivery thereof in such form and substance as such Authorized Persons, officers, employees or agents may approve, together with such changes and amendments to any of the terms and conditions thereof as such person may approve, with the execution and delivery thereof on behalf of the Company, by or at the direction of such Authorized Persons, officers, employees or agents to constitute evidence of such approval, (ii) negotiate, execute, deliver and/or file any and all agreements, documents, certificates, consents, filings and applications relating to the resolutions adopted and matters ratified or approved herein and the transactions contemplated thereby, and amendments and supplements to any of the foregoing, and to take such other actions as may be required or as such Authorized Persons, officers, employees or agents deem appropriate or advisable in connection therewith, and (iii) do such other things as may be required, or as may in their judgment be appropriate or advisable, in order to effectuate fully the resolutions adopted and matters ratified or approved herein and the consummation of the transactions contemplated thereby;

**BE IT FURTHER RESOLVED**, that each Member be, and each hereby is, authorized and empowered on behalf of and in the name of the Company to execute such consents of the Company as such Member considers necessary, proper or desirable to effectuate these resolutions, such determination to be evidenced by such execution or taking of such action; and

**BE IT FURTHER RESOLVED**, that any and all past actions heretofore taken by any Authorized Person or the Members in the name and on behalf of the Company in furtherance of any or all of the preceding resolutions be, and the same hereby are, ratified, confirmed, and approved.

**[signatures on following page]**

This written consent may be executed in two or more counterparts, each of which shall be considered an original and all of which taken together shall constitute one and the same written consent.

IN WITNESS WHEREOF, the undersigned have executed this Written Consent without a Meeting as of the 9th day of August, 2019.

FURNITURE PRODUCTS, LLC

MEMBERS:

_____
Kristin Mullen, Member

_____
John Mullen, Member